IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> Petitioner, <br> <br> <br> KINDER KIDZ LLC dba KINDER KIDZ, and <br> TEACH ME KIDZ ACADEMY LLC dba <br> TEACH ME KIDZ ACADEMY <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) Case No: 4:18-mc-200 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE SUBPOENA

Petitioner, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), submits the following Memorandum in Support of his Petition to Enforce Subpoena:

## JURISDICTION AND VENUE

1. The Petition to Enforce is brought to compel Respondents Kinder Kidz LLC dba Kinder Kidz, and Teach Me Kidz Academy LLC dba Teach Me Kidz Academy ("Respondents"), to comply with administrative subpoenas duces tecum issued by the Regional Administrator of the Midwest Region, Wage and Hour Division, United States Department of Labor on October 2, 2017 and December 4, 2017 respectively.

2. The subpoenas were issued in the course of an investigation of Kinder Kidz LLC dba Kinder Kidz ("Kinder Kidz"), and any branch locations which could be construed to be part of the same enterprise under the FLSA, such as Teach Me Kidz Academy LLC dba Teach Me Kidz Academy ("Teach Me Kidz"), conducted pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("the FLSA"). The Secretary attempted to obtain the documents requested by the subpoenas without resort to judicial enforcement, but Respondents failed to appear and to produce the

documents requested by the subpoenas or to provide a credible explanation for the failure to appear and produce those documents.

3. This court has subject matter jurisdiction over this action pursuant to § 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by § 9 of the FLSA, 29 U.S.C. § 209, which empowers any district court of the United States within the jurisdiction of which an investigation is carried on, in the case of a refusal to obey a subpoena to any person, to issue an Order requiring such person to appear, testify, and produce documents.

4. This Court is the proper venue. Respondents Kinder Kidz and Teach Me Kidz are headquartered and operate in St. Louis, Missouri and were served with the subpoenas via personal service on their agents and employees in St. Louis, Missouri, within the jurisdiction of this Court.

## INVESTIGATION AND SUBPOENA

5. On or about June 19, 2017, Wage and Hour opened an investigation of Kinder Kidz, a day care located at 4548 Dr. Martin Luther King Drive, St. Louis, Missouri 63113 to determine whether the establishment was in compliance with the FLSA and the regulations promulgated thereunder. (Affidavit of Jacob Long, attached hereto as Exhibit A, ¶¶ 2, 11).

6. On August 7, 2017, WHI Long mailed an appointment letter to Kinder Kidz indicating that he would be at the establishment on August 31, 2017 to conduct an initial conference. The appointment letter listed categories of records that would need to be made available at that time. (Ex. A, ¶ 3).

7. On August 25, August 29, and August 30 WHI Long telephoned Kinder Kidz to confirm the August 31 appointment, and each time he left messages for Kelly L. Ross, who is listed as the Registered Agent with the Missouri Secretary of State. (Ex. A,

2

¶ 4).  On August  30 WHI Long spoke to an employee who said no appointment letter was received.  Id.  WHI Long informed the employee that he would be present the next day, and he listed the different records that should be available at that time.  On August 31, 2017, WHI Long was contacted by a person who identified herself as a Human Resources Specialist for Kinder Kidz, who stated that labor laws do not apply to their establishment. Id.

8. On September 1, 2017, the Assistant District Director of the St. Louis District Office, Lisa Gurski, sent Kinder Kidz a letter outlining the history of WHD's contacts with the establishment, and requesting certain records that were needed to conduct the investigation.  (Ex. A, ¶ 5, and Exhibit 1 to Ex. A).  The letter provided Kinder Kidz 72 hours to make the records available, and indicated that staff from Wage and Hour would visit the establishment on September 12, 2017 at 9:00 a.m. to hold an initial conference.  (Id.).

9. On September 12, 2017, WHI Long went to Kinder Kidz at 9:00 a.m. with Community Outreach and Resource Planning Specialist ("CORPS") Malcohm Smith to hold an initial conference.  (Ex. A, ¶ 6).  An employee met WHI Long and CORPS Smith at the door and told them they could not enter the establishment.   No records were provided.  (Id.).

10. On September 13, 2017, Assistant District Director Lisa Gurski sent a second letter to Kinder Kidz which again outlined the history of WHD's contacts with the establishment, and requested certain records that were needed to conduct the investigation.  (Ex. A, ¶ 7, and Exhibit 2 to Ex. A).  The letter provided Kinder Kidz 72 hours to make the records available, and indicated that staff from Wage and Hour would visit the establishment on September 18, 2017 at 9:00 a.m. to hold an initial conference.  (Id.).

3

11. On September 18, 2017, WHI Long returned to Kinder Kidz at 9:00 a.m. to hold an initial conference. (Ex. A, ¶ 8). He was again refused entry and no records were provided. (Id.).

12. Because Kinder Kidz did not cooperate and provide the documents requested in the August 7, September 1 or September 13 letters, pursuant to its lawful authority, Wage and Hour prepared a subpoena for documents to Kinder Kidz. (Ex. A, ¶ 9, and Exhibit 3 to Ex. A). On October 3, 2017, WHI Long and CORPS Smith served the subpoena on a Kinder Kidz employee who identified herself as a supervisor. (Ex. A, ¶ 9). The subpoena required Owner Kelly Lakei Ross or another responsible party to provide documents concerning not only Kinder Kidz, but also branch locations which could be construed to be part of the enterprise as defined by the FLSA. (Ex. A, ¶ 9, and Ex. 3 to Ex. A).

13. The subpoena to Kinder Kidz served on October 3, 2017 required Ms. Ross or another responsible party to appear and produce all responsive documents in its possession and control at the WHD St. Louis District Office on October 11, 2017. (Ex. A, ¶ 10, and Ex. 3 to Ex. A). To date, no one has appeared or produced documents in response to the subpoena. (Ex. A, ¶ 10).

14. The Registered Agent address for Kinder Kidz is 4548 Dr. Martin Luther King Drive, St. Louis, Missouri.[1] (Ex. A, ¶ 11). This is the address at which the subpoena was served, as well as the address to which the August 7, September 1 and September 13 letters were addressed. (Ex. A, ¶ 11, and Exs. 1, 2, and 3 to Ex. A).

15. Due to Kinder Kidz' failure to cooperate, and in a further effort to obtain documents for this investigation, Wage and Hour prepared a subpoena for Teach Me Kidz Academy LLC dba Teach Me Kidz Academy ("Teach Me Kidz"), a second day care

---

[1] Although the Missouri Secretary of State website lists the Registered Agent zip code for Kinder Kidz as 63120, part of the Articles of Organization references the correct zip code of 63113. WHD used the correct

4

location organized by Kelly L. Ross that is believed to be part of the same enterprise as Kinder Kidz under the FLSA.  (Ex. A, ¶ 12, and Exhibit 4 to Ex. A).

16. On December 8, 2017, WHI Long served the subpoena to Teach Me Kidz on an employee at the Kinder Kidz location.  (Ex. A, ¶ 12, and Exhibit 4 to Ex. A).  The subpoena seeks documents concerning not only Teach Me Kidz, but also branch locations which could be construed to be part of the enterprise as defined by the FLSA.  (Id.).

17. The subpoena to Teach Me Kidz served on December 8, 2017 required Registered Agent Kelly Lakei Ross or another responsible party to appear and produce all responsive documents in its possession and control at the WHD St. Louis District Office on December 13, 2017.  (Ex. A, ¶ 13, and Ex. 4 to Ex. A).  To date, no one has appeared or produced documents in response to the subpoena.  (Id.).

18. True and correct copies of the aforementioned subpoenas directed to Kinder Kidz and Teach Me Kidz are attached to Exhibit A hereto as Exhibits 3 and 4.

19. Pursuant to the subpoenas to Kinder Kidz and Teach Me Kidz respectively, Kelly Lakei Ross or another responsible party was required to appear at the WHD St. Louis  District Office on October 11, 2017 at 8:00 a.m., and on December 13, 2017, at 8:00 a.m., to produce all responsive documents in her possession or control as specified in the subpoenas.  (Ex. A at Exs. 3 and 4).

20. The records, papers, and documents required to be produced as set forth in the subpoenas, which concern the employees, wages, hours and other conditions and practices of employment maintained by the entities and any branch locations, and ownership information, are relevant and material to the Petitioner's investigation of whether the FLSA has been violated.

## LEGAL STANDARD

---

zip code 63113 based on internet research.  (Ex. A, ¶ 11, fn. 1).

The FLSA empowers this Court to enforce the Department's subpoena. See 29 U.S.C. § 209 (cross-referencing 15 U.S.C. § 49). In first ruling on the constitutionality of FLSA subpoenas, the Supreme Court stated that the Department has the right to enforce administrative subpoenas if the investigation was for a lawful purpose, the documents sought were relevant to the inquiry, and the demand for production was reasonable. Okla. Press Pub. Co. v. Walling, 327 U.S. 186, 209 (1947).

Administrative subpoena enforcement actions are summary proceedings that involve limited judicial review. E.E.O.C. v. Schwan's Home Serv., 707 F. Supp. 2d 980, 986 (D. Minn. 2010), aff'd 644 F.3d 742 (8th Cir. 2011); see also E.E.O.C. v. Dillon Cos., Inc., 310 F.3d 1271, 1277 (10th Cir. 2002) ("[w]e will not . . . encourage or allow an employer to turn a summary subpoena-enforcement proceeding into a mini-trial"). To this end, "'the scope of the issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity.'" United States v. Markwood, 48 F.3d 969, 979 (6th Cir. 1995) (quoting FTC v. Texaco, Inc., 555 F.2d 862, 872-73 (D.C. Cir. 1977) (en banc)).

## ARGUMENT

An administrative subpoena should be enforced if it is: (1) issued pursuant to lawful authority; (2) for a lawful purpose; (3) requests information relevant to that lawful purpose; and (4) the information sought is not unreasonable. Fresenius Med. Care v. United States, 526 F.3d 372, 375 (8th Cir. 2008). As set forth below, the Department's subpoena satisfies these criteria for enforcement, and enforcing the subpoena will not abuse this Court's process.

**1.    The Department's Subpoena was Issued Pursuant to Lawful Authority.**

The Department is responsible for administering and enforcing the FLSA. See 29

U.S.C. §§ 204, 211(a), 216(c), 217.  The FLSA requires, among other things, covered employers to pay their non-exempt employees a minimum wage for all hours worked and a premium rate for all overtime hours worked.  See 29 U.S.C. §§ 206 & 207.  The FLSA authorizes the Department to:

> investigate and gather data regarding conditions and practices of employment in any industry subject to this [Act], . . . enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this [Act], or which may aid in the enforcement of the provisions of this [Act].

29 U.S.C. § 211(a).  Pursuant to this authority and to conduct thorough investigations, the Department's investigators are permitted to and regularly do request records from employers, review and copy employers' records (including without limitation payroll records and records of hours worked), interview employees, and collect and review other relevant data relating to FLSA compliance.

By its plain text, § 11(a)'s grant of investigative authority to the Department is broad.[2]  The investigative authority encompasses "conditions and practices of employment in any industry" subject to the FLSA and expressly includes the power to inspect and copy records.  29 U.S.C. § 211(a).  The Department may also use its investigative authority to determine whether any person has violated the FLSA or to otherwise aid its efforts to enforce the Act.  Id.  Accordingly, the Department's investigation to ensure that employees working at the Kinder Kidz and Teach Me Kidz child care facilities are receiving the FLSA wages to which they are entitled is authorized by the Act, as is the request for documents that may be used to determine the applicability

---

[2] The Supreme Court "has consistently construed the Act 'liberally to apply to the furthest reaches consistent with congressional direction.'"  Tony and Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 (1985) (quoting Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 211 (1959)).

of the FLSA and whether any violations have occurred.

To effectuate this broad investigative authority, Section 9 of the Act grants the Department authority to subpoena witnesses and documentary evidence relating to any matter under investigation.  29 U.S.C. § 209 (cross-referencing 15 U.S.C. §§ 49, 50).  "For the purpose of any hearing or investigation provided for in this [Act]," the Department has the full range of enforcement powers possessed by the Federal Trade Commission, including its subpoena authority.  Id.  The Department has the "power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."  15 U.S.C. § 49.  If the recipient of the subpoena fails to comply, the Department "may invoke the aid of any court of the United States in requiring" compliance.  Id.  This Court may, in case of such failure to comply, issue an order requiring the recipient of the subpoena to appear and testify and to produce the requested documents.  Id.

By its plain language, the FLSA authorizes the Department to subpoena witnesses and the production of documents for the purpose of any investigation.  See 29 U.S.C. § 209.  The Department properly exercised its authority and properly served the subpoenas on Respondents.  The subpoenas are signed by the Regional Administrator of the Wage and Hour Division, Midwest Regional Office.  (Exs. 3 and 4 to Ex. A).  Kinder Kidz was served by an authorized representative of the Department of Labor at its place of business and Registered Agent address on a supervisor on October 3, 2017.  (Ex. 3 to Ex. A).  The subpoena required compliance by producing documents at the WHD office on October 11, 2017.  (Id.).  Teach Me Kidz was served by an authorized representative of the Department of Labor on an employee at the Kinder Kidz location on December 8, 2017.  (Ex. 4 to Ex. A).  The subpoena required compliance by producing documents at the WHD office on December 13, 2017.  The subpoenas to Kinder Kidz and Teach Me Kidz,

which sought documents that the Department has repeatedly requested in furtherance of its investigation and that Respondents have failed or refused to provide – were explicitly authorized by Section 9 of the FLSA, were properly served and administered, and should be enforced by this Court.

## 2. The Subpoena Was Issued for a Lawful Purpose.

The Department issued the subpoenas to Kinder Kidz and Teach Me Kidz to determine whether Respondents and their employees are subject to the FLSA, to determine the scope and applicability of FLSA coverage to Respondents and other branch locations that could be construed to be part of the same enterprise, and to determine if Respondents violated the FLSA. These purposes are lawful and meet the second requirement for enforcing the administrative subpoena.

The Department need not demonstrate a violation to conduct an FLSA investigation, request documents, or issue a subpoena, and may subpoena documents for the purpose of conducting an investigation. The Supreme Court held long ago that a Department subpoena satisfies any Fourth Amendment concern if it "is authorized by Congress, [it] is for a purpose Congress can order, and the documents sought are relevant to the inquiry." Okla. Press, 327 U.S. at 209.[3] An agency's subpoena power is "analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950). In Morton Salt, the Supreme Court rejected the argument that an agency subpoena violated Fourth and Fifth Amendment rights and held that "it is

---

[3] In Donovan v. Lone Steer, Inc., 464 U.S. 408, 414-15 (1984), the Supreme Court reaffirmed Oklahoma Press by rejecting arguments that the Department's subpoena authority violated the Fourth Amendment and that a warrant was required for a Department subpoena duces tecum.

9

sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." Id. at 651-53; see also United States v. Powell, 379 U.S. 48, 57-58 (1964) (again rejecting a probable cause requirement and holding that an administrative subpoena will be enforced if the investigation will be conducted for a legitimate purpose, the inquiry may be relevant to the purpose, and the information sought is not already within the agency's possession).

The Department was authorized to issue the subpoenas for the purpose of gathering documents regarding other branch locations that could be considered part of the same enterprise as defined by the Act.  Section 11(a) authorizes investigations "to determine whether any person has violated any provision of [the FLSA]" and investigations "which may aid in the enforcement of the provisions of [the FLSA]." 29 U.S.C. § 211(a) (emphasis added).  Nothing in § 11(a) limits the Department's authority to investigations of employers regarding their own employees.  See Id.  The Department may request any records that it "may deem necessary or appropriate to determine whether any person has violated" the FLSA, or which may aid in FLSA enforcement.  Id.  Thus, to aid its investigation and determine compliance with the FLSA, the Department may require Respondents to produce documents regarding other branch locations, establishments, employers and workers.

The Department is permitted to issue and enforce subpoenas for the purpose of gathering these and other documents even if coverage under the FLSA has not yet been established.  "Congress has authorized the Administrator, rather than the District Courts in the first instance, to determine the question of coverage in the preliminary investigation of possibly existing violations; [and] in doing so to exercise his subpoena power for securing evidence upon that question." Okla. Press, 327 U.S. at 214.  Indeed, "[t]he very purpose of the subpoena . . . is to discover and procure evidence, not to prove a pending

charge or complaint, but upon which to make one if, in the Administrator's judgment, the facts thus discovered should justify doing so." Id. at 201. "It is well-settled that a subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular federal statute," and "the agency cannot be required to demonstrate that the very matter or entity it seeks to investigate under its statutory investigatory powers is covered by the enabling statute since the 'authority to investigate the existence of violations includes the authority to investigate coverage.'" Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir. 1982). Thus, arguments about whether the FLSA applies are not ripe and are inappropriate at a time when the Department has not been provided the requested documentation to make such a determination.

Based on the foregoing, the subpoenas issued by the Department to Respondents for the purpose of gathering documents related to their employment practices, employees, payroll and ownership pursuant to its investigation is well within its statutory authority, and the subpoenas were issued for a lawful purpose.

### 3. The Documents Sought by the Subpoenas are Relevant, Reasonable, and Related to the Lawful Investigation.

The documents sought by the Department's subpoenas are relevant, reasonable, and related to its investigation and thus satisfy the Eighth Circuit's third and fourth criteria for enforcing the subpoena. The relevance standard "is not particularly burdensome." United States v. Whispering Oaks Res. Care Facility LLC, 673 F.3d 813, 818 (8th Cir. 2012). Relevance must be "construed broadly," Doe v. United States, 253 F.3d 256, 266 (6th Cir. 2001), and courts should defer to an agency's relevance determination when it is not obviously wrong. See Resol. Trust Corp. v. Walde, 18 F.3d 943, 946 (D.C. Cir. 1994). Indeed, documents requested by an agency should be produced where the records sought are "not plainly incompetent or irrelevant to any

11

lawful purpose of the [agency] in the discharge of duties under the Act." Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509 (1943) (directing production of documents requested by Department's administrative subpoena); Shaw, 668 F.2d at 989 ("[t]he material sought by the subpoena was not plainly irrelevant to lawful purposes of the DOL and it was the duty of the district court to order its production."). As long as information sought "may be" relevant to a legitimate purpose, the subpoena should be enforced. Powell, 379 U.S. at 57.

Categories 1, 2, 3 and 5 of the documents sought by the subpoenas to Kinder Kidz and Teach Me Kidz relate to locations and corporate ownership of the entities and any branch locations which could be construed to be part of the enterprise as defined by the FLSA. (Ex. A at Exs. 3, 4). The ownership and interrelation of the locations is relevant to the Department's investigation of FLSA compliance because other similar businesses owned by the same owner(s) might be an enterprise under the FLSA, or, joint employers who may share responsibility for any FLSA violations. Also, workers may be shared among businesses with common ownership, and if so, Wage and Hour may need to aggregate weekly hours and pay rates to accurately calculate the total hours worked and paid.

Moreover, such information is relevant to the Department's investigation because individuals, such as owners, may be "employers" subject to the Act's requirements. 29 U.S.C. § 203(d). Moreover, owners are individuals who are likely to have information relevant to FLSA compliance, including payroll documents and information concerning pay practices.

Category No. 4 of the subpoenas seeks information relating to the total dollar volume of sales or business, and volume of goods purchased or received. (Ex. A at Exs. 3, 4). Such information relates to whether Kinder Kidz and Teach Me Kidz are an

enterprise subject to FLSA coverage under 29 U.S.C. § 203(s)(1)(A) and is therefore relevant to the Department's investigation. Category No. 6, which seeks a description of the nature of the business, seeks relevant information to determine whether the entities are subject to FLSA enterprise coverage based on being a preschool under 29 U.S.C. § 203(s)(1)(B). See Shaw, 668 F.2d at 989 (Department has the initial duty to determine FLSA coverage).

The remaining categories of documents, Categories 7 – 10, seek information about employees, independent contractors, payroll, time, and related records. (Ex. A at Exs. 3 and 4). Information about the day care workers, including contact information and date of birth, are relevant to the investigation. The Department's investigatory powers include interviewing workers, and contact information assists in this effort, as do Social Security Numbers, which can be used to locate employees and verify identity. Date of birth is relevant to determine compliance with the child labor provisions of the FLSA. To the extent an employer claims its workers are independent contractors, the Department has the authority to investigate whether the workers are properly classified and paid as such.

Documents relating to such issues as hours worked, wages paid, rates of pay, pay dates, and exclusions from the regular rate of pay for persons currently or formerly employed by Respondents are directly related to FLSA compliance. As the FLSA's primary obligations are payment of a minimum wage for all hours worked and payment of a premium rate for hours worked over forty in a workweek, see 29 U.S.C. §§ 206 & 207, such documents are plainly relevant to the Department's investigation of compliance with the FLSA.[4]

---

[4] Category 11 seeks "[a]ll other documents identified previously in letters dated September 1, 2017 and September 13, 2017." The information sought in the September 2017 letters was substantially similar to the documents listed in the subpoenas, therefore the documents listed in the letters will not be separately discussed.

13

### 4. **Enforcing the Subpoenas Would Not Abuse this Court's Process.**

Although a respondent can defeat an otherwise enforceable subpoena by showing that enforcement would amount to an abuse of the court's process, Respondents cannot make such a showing under the present facts. E.E.O.C. v. Peat, Marwick, Mitchell & Co., 775 F.2d 928, 931 (8th Cir. 1985). A respondent faces a "heavy burden" to disprove the existence of a valid purpose for the Department's administrative subpoena. See Whispering Oaks, 673 F.3d at 817, citing United States v. LaSalle Nat'l Bank, 437 U.S. 298 (1978). A court's process may be abused when the subpoena "had been issued for an improper purpose, such as to harass [an investigation's target] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 58. Abuse of process "may not be based on the improper motives of an individual agency employee, but instead must be founded upon evidence that the agency itself, in an institutional sense, acted in bad faith when it served the subpoena." Doe, 253 F.3d at 272 (citing LaSalle, 437 U.S. at 314-16).

The Department did not act in bad faith in serving the subpoenas. The Department issued the subpoenas and sought enforcement of the subpoenas to aid its lawful investigation for the purpose of gathering reasonable information relevant to its investigation into Respondents' FLSA compliance. The Department attempted to gather the documents multiple times without a subpoena, issued a subpoena to Kinder Kidz, then issued a second subpoena to Teach Me Kidz. All requested documents are relevant to the Department's underlying investigation, and Respondents had multiple opportunities to produce the documents without resort to subpoenas and without resort to judicial intervention. (See Exhibit A, and Exhibits 1-2 thereto, detailing history of contacts with Respondent and ignored requests for documents).

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays:

a. That this Court enter an order requiring Respondents to appear on a date certain to show cause, if any there be, why they should not appear before the designated representatives of the Wage and Hour Division, at such reasonable time and place as the Petitioner or the Court may set, and then and there produce the records requested by the subpoenas, and;

b. for such other and further relief as may be necessary and appropriate.

Pursuant to the Administrative Procedures for Case Management/Electronic Case Filing, a proposed Order to Show Cause will be attached to this Petition electronically, and also emailed to MOED_Proposed_Orders@moed.uscourts.gov for the convenience of the Court.

        Kate S. O'Scannlain
        Solicitor of Labor

        Christine Z. Heri
        Regional Solicitor
        Illinois Bar #6204656

        H. Alice Jacks
        Associate Regional Solicitor
        Missouri Bar #24482

        */s/Dana M. Hague*
        Dana M. Hague, Attorney Number 21572KS
        Two Pershing Square Building
        2300 Main Street, Suite 1020
        Kansas City, MO 64108
        (816) 285-7260
        (816) 285-7287 (fax)
        hague.dana.m@dol.gov

        U.S. Department of Labor

Attorneys for Plaintiff